FILED
2011 Mar-28 PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 2:10-CV-972-VEH ) |
| JOHN LEWIS, ARTELS JAMES, and PERRY WRIGHT, | ) ) ) |
| Defendant. | ) ) |

## JUDGMENT AND PERMANENT INJUNCTION ORDER AGAINST JOHN LEWIS, ARTELS JAMES, AND PERRY WRIGHT

Before the Court is the United States' Motion for Entry of Default Judgment and Permanent Injunction (doc. 22) (the "Motion") against defendants John Lewis, Artels James, and Perry Wright. Wright, Lewis, and James have failed to plead or otherwise defend this action. The Clerk of Court accordingly entered default against Wright and James on August 9, 2010, and against Lewis on February 15, 2011. As a result of their default, the Court deems each defendant to have admitted the well-pleaded allegations in the United States' Complaint and, based upon those deemed admissions, makes the following findings of fact and conclusions of law:

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter of this case.

2. Beginning with the 2007 tax year, defendants prepared tax returns under the trade name "Tax World" in Birmingham, Alabama.

3. Lewis, James, and Wright have repeatedly and regularly prepared returns that utilize at least one of three schemes to generate erroneously large refunds for their clients. Two schemes generate false or overstated claims to the credit under 26 U.S.C. § 32, i.e. the Earned Income Tax Credit (EITC), and generate correspondingly excessive refunds. The third scheme involves the creation of fictitious business deductions which reduce a client's tax liability and generate an excessive refund of money withheld from the client's pay throughout the tax year.

4. Lewis, James, and Wright's actions cause harm to the United States and to the public by unlawfully understating their customer's tax liabilities and falsely claiming credits.

5. Lewis, James, and Wright have failed to sign tax returns that he prepared under the "Tax World" business name. In addition, each defendant failed to put his own tax return preparer identification number, or social security number,

on the returns he prepared.

6. Lewis, James, and Wright have regularly engaged in conduct subject to penalty under both § 6694(a) and (b).

7. Lewis, James, and Wright have failed to comply with the due diligence requirements imposed by 26 U.S.C. § 6695(g) and Treas. Reg. § 1.6695-2(b)(3) for determining eligibility for, or the amount of, the EITC.

8. Lewis, James, and Wright have engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

9. Lewis, James, and Wright have engaged in conduct that causes irreparable harm to the United States and their customers.

10. Lewis, James, and Wright have continually and repeatedly engaged in the conduct described above.

11. Lewis, James, and Wright have each continually and repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694 and 6695, which is conduct described in § 7407(b)(1)(A), and continually and repeatedly engaged in other fraudulent or deceptive conduct substantially interfering with the administration of the tax laws.

12. Lewis, James, and Wright should each be enjoined from acting as a tax return preparer under I.R.C. § 7407. A narrower injunction prohibiting only

specific misconduct would be insufficient.

13. Lewis, James, and Wright have engaged in conduct that interferes with the enforcement of the internal revenue laws. The United States and the public will suffer irreparable harm in the absence of a permanent injunction.

14. Lewis, James, and Wright will continue to violate the Internal Revenue Code unless they are enjoined from preparing income tax returns for others.

15. In addition to the injunctive relief available under 26 U.S.C. § 7407, the Court is authorized to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws under 26 U.S.C. § 7402.

## **ORDER**

Wherefore, the court hereby finds that the United States' Motion is due to be, and hereby is, **GRANTED**. It is hereby **ORDERED** that defendants John Lewis, Artels James, and Perry Wright are permanently enjoined as follows:

A. Pursuant to 26 U.S.C. §§ 7402 and 7407, each defendant and his representatives, agents, servants, employees, attorneys, independent contractors, and anyone in active concert or participation with him are permanently enjoined from directly or indirectly acting as a federal tax return

preparer or otherwise directly or indirectly preparing or filing federal tax returns or other tax forms for others, from representing others before the IRS, and from advising anyone concerning federal tax matters;

B. Pursuant to 26 U.S.C. §§ 7402 and 7407, each defendant and his representatives, agents, servants, employees, attorneys, independent contractors, and anyone in active concert or participation with him are enjoined from directly or indirectly engaging in activity subject to penalty under 26 U.S.C. §§ 6694 or 6695, including preparing any part of a return or claim for refund that he knows will result in the understatement of any tax liability or the overstatement of federal tax refunds;

C. Pursuant to 26 U.S.C. §§ 7402 and 7407, each defendant and his representatives, agents, servants, employees, attorneys, independent contractors, and anyone in active concert or participation with him are enjoined from directly or indirectly engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694 or 6695, and engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

D. Pursuant to 26 U.S.C. § 7402, each defendant shall, at his own expense, present a copy of this Judgment and Permanent Injunction Order to

each person for whom he, or anyone at his direction or employ, prepared federal income tax returns from January 1, 2008, to the present, by either sending a copy to each person by US mail, email, or by publishing a copy of this Judgment and Permanent Injunction Order in the Birmingham News;

E. Pursuant to 26 U.S.C. § 7402, each defendant shall produce to counsel for the United States within forty-five days of this Judgment and Permanent Injunction Order (1) a sworn statement evidencing his compliance with the foregoing directives; (2) a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s) all persons for whom he has prepared federal tax returns or claims for refund since January 1, 2008; and (3) copies of all returns or claims for refund that he prepared, or directed the preparation of, for customers after January 1, 2008.

Failure to abide by this Order may be punished by criminal contempt under 18 U.S.C. § 401.

Pursuant to 26 U.S.C. § 7402, it is further **ORDERED** that the United States may monitor each defendant's compliance with this injunction, and may engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure.

The Court hereby expressly **RETAINS JURISDICTION** over this matter to implement and enforce this Order and any additional orders necessary and appropriate to the public interest.

It is further **ORDERED** that costs are taxed jointly and severally against defendants John Lewis, Artels James, and Perry White, for which execution may issue.

The United States Marshal or his representative is **DIRECTED** to personally serve a copy of this final judgment and permanent injunction on each defendant.

The clerk of court is **DIRECTED** to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE** this the 28th day of March, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge